## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH WHITFIELD,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
PH-0752-13-0128-I-2

DATE: February 25, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dennis L. Friedman, Esquire, Philadelphia, Pennsylvania, for the appellant.

Arthur S. Kramer, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of an alleged constructive suspension for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The-preference eligible appellant refiled an appeal alleging that he was constructively suspended from his Labor Custodian position for more than 14 days, from April 19, 2012, to June 6, 2012.[2] Docket No. PH-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-I-2 (I-2), Initial Appeal File (IAF), Tab 2. The appellant also raised an affirmative defense alleging that the agency discriminated against him based on perceived disability, although he was able to work without reasonable accommodation. I-2, IAF, Tab 13 at 4-5.

¶3      The administrative judge issued orders addressing the jurisdictional issue and the parties responded. I-2, IAF, Tab 6-10, 13-14, 17. The appellant submitted a declaration stating that, "a few days before April 19, 2012," his supervisor denied his request for assistance in moving a heavy file cabinet and gave him medical documentation to complete, which he returned.[3] I-2, IAF, Tab

---

[2] The administrative judge dismissed the appellant's original appeal on August 30, 2013, without prejudice, and the Board refiled the appeal sua sponte. Docket No. PH-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-I-1 (I-1), IAF, Tab 22, Initial Decision at 1; I-2, IAF, Tab 2.

[3] The appellant had medical conditions that were not work related, and this is not a restoration case. I-2, Tab 24, Initial Decision (ID) at 2 n.2.

13 at 7-8.  The appellant stated that he was forced to exhaust his leave because his supervisor told him not to return to work, although he was ready, willing, and able to work.  I-2, IAF, Tab 13 at 8.  He also stated that "his constructive suspension [did] not fit neatly in any of the categories identified by the administrative judge in the Order to Clarify Involuntary Suspension Theory."  I-2, IAF, Tab 14 at 4.

¶4        After a hearing on jurisdiction, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant did not prove by preponderant evidence that the agency placed him on enforced leave or subjected him to a constructive suspension.[4]  I-2, IAF, Initial Decision (ID), Tab 24 at 1, 17-21.  The administrative judge found that the appellant, not the agency, initiated his absence, and it was undisputed that the appellant never asked his supervisors if he could return to work.  ID at 20-21.  The administrative judge also found that the appellant failed to prove that he lacked a meaningful choice of whether to work or request leave or that his absences resulted from any improper agency action.  ID at 20.  Because the administrative judge found that the Board lacked jurisdiction over the appeal, he did not adjudicate the merits of the appellant's affirmative defense alleging disability discrimination.  ID at 2.  The appellant filed a petition for review, and the agency filed a 53-page response in opposition to his petition.[5]  Petition for Review (PFR) File, Tabs 3-4.

¶5        The Board has jurisdiction over appeals only from the types of agency actions specifically enumerated by law, rule, or regulation.  *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 6 (2014).  An agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension

---

[4] The administrative judge also dismissed the appellant's claim that the agency violated his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 because he presented no evidence or argument on this issue.  I-2, IAF, Tab 9 at 4; ID at 2 n.1.  The appellant does not challenge this finding in his petition for review.

[5] We grant the appellant's unopposed motion for permission to file his petition for review on December 1, 2014, for good cause shown.  PFR File, Tab 3 at 1-6, Tab 4 at 4.

within the Board's jurisdiction. *Id.*, ¶ 10. Certain employee-initiated leaves of absence that appear to be voluntary but are not may be appealable under 5 U.S.C. chapter 75 as constructive suspensions. *Id.*, ¶ 7. Assuming that the jurisdictional requirements are otherwise met, to establish jurisdiction under these circumstances, the appellant must prove by preponderant evidence that: (1) he lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). The Board lacks jurisdiction over appeals of an employee's voluntary actions. *Bean*, 120 M.S.P.R. 397, ¶ 7.

¶6        On review, the appellant restates his version of the facts underlying his claim that he was constructively suspended from April 19, 2012, to June 6, 2012, and he contends that the administrative judge's finding that he lacked credibility is not supported by the record. PFR File, Tab 3 at 8-20. He also argues that the administrative judge placed great significance on his refusal to move a file cabinet on March 7, 2012, which the appellant describes as a "nonissue." PFR File, Tab 3 at 14.

¶7        As a preliminary matter, we note that the administrative judge found that the March 7, 2012 file cabinet incident had virtually no effect on the appellant's period of absence beginning on April 19, 2012. ID at 18-19. Thus, the record does not support the appellant's argument that the administrative judge "placed great significance" on the file cabinet incident. PFR File, Tab 3 at 14. The administrative judge nonetheless considered the incident because of the appellant's January 14, 2013 declaration, which he submitted on appeal stating that the agency placed him on enforced leave "a few days" after he asked for assistance in moving a file cabinet. ID at 2; I-2, IAF Tab 13 at 7. The administrative judge found that the appellant's memory of when the file cabinet incident occurred was impaired, and his credibility diminished, because contemporaneous documents, such as the appellant's March 7, 2012 incident

report, indicated that the file cabinet incident actually took place 6 weeks before his alleged involuntary leave began. ID at 3.

¶8        Although the appellant argues that the administrative judge erred in finding that he was not credible, the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; and the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Contrary to the appellant's allegations on review, the administrative judge considered the *Hillen* factors, identified the factual questions in dispute, summarized the evidence on the disputed questions of fact, stated which version he believed, and explained in detail why the agency's version was more credible than the appellant's version of events. ID at 2-8, 10-16, 17 & n.8, 18 & n.10, 19-21; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). Among the factors considered by the administrative judge was the contradiction of the appellant's version of events by his supervisor's testimony, which was consistent with the lack of documentary evidence concerning whether the agency or the appellant instituted the appellant's period of absence.[6] ID at 2-4, 10-15, 17-20.

---

[6] The appellant's supervisor testified that the appellant first informed him that he had restrictions on March 7, 2012, when he refused to move the file cabinet and he "just up and left." ID at 13; Hearing Compact Disc (CD) (testimony of Mr. Gillis). He further testified that he told the appellant to submit proof of his restrictions but he did not send the appellant home or tell him that he could not return to work without medical documentation. ID at 14; Hearing CD (testimony of Mr. Gillis). The supervisor testified that the appellant performed his full job duties between March 7 and April 19, 2012. ID at 14; Hearing CD (testimony of Mr. Gillis). On April 19, 2012, the appellant gave him a letter from the Department of Veterans Affairs, which the supervisor gave to the District Reasonable Accommodation Committee (DRAC). ID at 15, 19; Hearing CD (testimony of Mr. Gillis). After April 19, the supervisor could not recall the appellant's working again until June 6, although he came to work on April 23 and left without working. ID at 15, 19; Hearing CD (testimony of Mr. Gillis). The supervisor testified that he had work for the appellant during his absence, and he believed that the appellant

¶9 The appellant argues that his supervisor's failure to offer a plausible reason why he would voluntarily take leave without pay is proof that his absence was involuntary. PFR File, Tab 3 at 17. He also emphasizes that the agency failed to challenge his application for unemployment compensation during the relevant period. *Id*. at 12. However, the agency was under no compulsion to explain the appellant's actions or oppose his application for unemployment compensation.

¶10 The appellant also argues that the agency made an admission in a May 1, 2012 email, that is consistent with his testimony, that his supervisor directed him not to work until the agency received medical evidence of his capabilities. *Id*. at 19. In the May 1, 2012 email, a Labor Relations employee asked the agency's Occupational Health Nurse Administrator for clarification of the appellant's restrictions "so management can return the employee to work." PFR File, Tab 3 at 31; I-1, IAF, Tab 11 at 41. However, the record indicates that the appellant created an ambiguous situation by submitting three conflicting medical reports to Labor Relations, dated March 19, 2012, April 17, 2012, and April 19, 2012, while taking approved leave under the Family and Medical Leave Act of 1993, and failing to communicate with his supervisors. I-1, IAF, Tab 11 at 41; ID at 5-6; Hearing CD (testimony of the appellant, Mr. Gillis, and Mr. Odrick). Moreover, the appellant does not dispute the administrative judge's finding that he never asked his supervisors if he could return to work or took action during his absence to document his belief that the agency prevented him from working and forced him to use leave. ID at 20.

¶11 Under the circumstances, we find it reasonable that the Labor Relations employee emailed the Nurse Administrator for clarification of the appellant's medical limitations, and that she referred the matter to the DRAC.[7] ID at 16;

---

requested leave because he was waiting for documentation from DRAC to avoid working outside of his restrictions. ID at 15, 19; Hearing CD (testimony of Mr. Gillis).

[7] DRAC closed the appellant's file on May 23, 2012, after meeting with him and identifying no effective accommodation. I-1, IAF, Tab 19 at 7. It is undisputed that the

Hearing CD (testimony of Ms. Reisner). The appellant has not set forth sufficiently sound reasons to overturn the administrative judge's credibility determinations, which he implicitly based on his observation of the demeanor of the appellant, his supervisors, and the Nurse Administrator who testified at the hearing. *See Haebe*, 288 F.3d at 1301.

¶12      Although the appellant repeatedly states that he was always willing and able to perform his regular job duties without accommodation or light duty, whether he was able to perform his regular job duties is immaterial for jurisdictional purposes. PFR File, Tab 3 at 8, 13; *see Abbott*, 121 M.S.P.R. 294, ¶ 6. The dispositive issue is whether the employee's placement in leave status was voluntary or involuntary, and only the latter is appealable. *See Abbott*, 121 M.S.P.R. 294, ¶ 6. The appellant makes additional arguments expressing his disagreement with the administrative judge's findings that his absence was voluntary, he had a meaningful choice of whether to work or submit leave, and his absence was not the result of any improper agency action. ID at 20. For example, the appellant claims that the administrative judge failed to consider material evidence and focused on nonissues, such as his 100% disability rating by the Department of Veterans Affairs.[8] PFR File, Tab 3 at 20. Having considered the appellant's arguments, we do not find them to be persuasive.[9]

---

appellant did not request accommodation or inform the agency that he was unable to perform his job. ID at 16.

[8] The administrative judge considered evidence that the appellant sought an increase in his Veterans Affairs (VA) disability rating as additional support for concluding that his absence was at his impetus and not the agency's. ID at 21. The administrative judge noted that prior to August 8, 2012, when the appellant announced his intention to retire, the agency was unaware that the appellant's VA disability rating had been increased to 100%, effective May 22, 2012. ID at 17-18 & n.9, 21. The appellant returned to work in June 2012, and he retired 5 months later in November 2012. ID at 2.

[9] We also reviewed the documents the appellant submitted with his petition; however, the documents are not new because they were included in the record considered by the administrative judge. PFR File, Tab 3 at 22-31; *see Meir v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

¶13     We find that the appellant has not shown that the administrative judge made erroneous findings of fact, erroneously interpreted statute or regulation, or misapplied the law to the facts. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). We therefore deny the petition for review.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.